JAMES P. LANGFORD *et al.*, Respondents, *v.* LORENZO P. SANGER *et al.*, Appellants.

*Evidence—Hearsay—Copy.*—The unsworn certificate of an engineer on a railroad, that a paper certified by him is a true copy of a measurement of work done upon the road, made by his predecessor in office, is not legal evidence.

*Appeal from St. Louis Court of Common Pleas.*

*O. G. Cates*, for appellants.

The matter most worthy of attention is, whether or not the paper called " bill of particulars of work done" could be read in evidence, because on that paper the case rested before the jury. We contend that paper could not be read in evidence for any purpose.

I. It purports to be, and is in fact, a copy of a private paper by a deceased resident engineer (Gordon) of the railroad company. Appellants were no parties to said paper; had no notice of the time or place when such final settlement was made.

II. The records or papers on file with said railroad company, not signed or ratified by appellants, are not competent evidence against them, and certainly mere copies of such records or papers cannot be used as evidence against the appellants; and it is, no answer to this point that Walker (chief engineer) approved the original paper at the time returned by the deceased. (1 Greenl. Ev. § 91; case of Childers, 16 Mo. 44; Hissrick, 20 Mo. 311; case of Lewin, 17 Mo. 69.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit on a contract by which the plaintiffs agreed to frame and erect fifteen railroad bridges for the defendants on the Illinois division of the Ohio and Mississippi railroad, for a fixed price per foot, lineal measure, to be paid by the defendants. One of the main questions of fact raised by the

pleadings, was as to the number of feet contained in the work. In support of this issue the plaintiffs read in evidence, against the objections of the defendants, a paper purporting to be a copy of the final estimate of the work by the engineer in charge of that part of the road, showing the number of feet contained in the fifteen bridges. There was no attempt to show where the original estimate was, or to account for its absence. Furthermore, if the non-production of the original had been sufficiently accounted for, the proof that the paper produced was a copy was wholly insufficient for that purpose. That proof consisted alone of the *ex parte*, unsworn certificate of an engineer, who succeeded the one who it is assumed made the measurement.

The court erred in permitting the paper to be read, and for this cause its judgment must be reversed and the cause remanded; the other judges concurring.